CAMERRER (TURRELL v.). See Case No. 14,266.

## Case No. 2,344.

### CAMMEYER et al. v. NEWTON et al.

[4 Ban. & A. 159;[2] 16 O. G. 720.]

Circuit Court, E. D. New York. March 19, 1879.

PATENTS—INFRINGEMENT—REISSUE FOR DIFFERENT INVENTION.

1. Where, in a suit upon the original patent, the court fully examined the description of the invention and determined that no infringement had been committed, basing its decision upon what was contained in the specification, without in any way limiting the scope of the language there used by the language of the claims, and the patent was afterwards surrendered and reissued and another suit brought between the same parties for alleged infringement by the use of the same device which had been adjudged to be no infringement of the original patent: Held, that if the reissued patent be for the same invention as that described in the original patent, the former decision is conclusive on the question of infringement; while, if the reissued patent be for a different invention from that described in the original, the reissue is void.

2. The reissued patent No. 6,249, dated January 26th, 1875, for improvement in apparatus for removing obstructions under water (the original patent having been dated July 28th, 1868, No. 80,492), held void.

[In equity. Bill by William H. Cammeyer and others against John Newton and others for injunction, and damages for the alleged infringement of letters patent No. 80,492, reissue No. 6,249.]

B. E. Valentine, for complainants.

A. W. Tenney, U. S. Atty., and H. E. Davies, Jr., for defendants.

BENEDICT, District Judge. This action is for an injunction and damages, because of

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

an alleged infringement by the defendants of a patent for an improvement in apparatus for removing obstructions under water, which patent is reissue No. 6,249, dated January 26th, 1875, original patent No. 80,492, dated July 28th, 1868.

A similar action was brought by these same complainants against these defendants upon the original patent, to recover for the use by the defendants of the same apparatus which is here claimed to be an infringement, in which suit it was determined, first by the circuit court for the southern district of New York (Cammeyer v. Newton [Case No. 2,345]), and then, upon appeal, by the supreme court of the United States (Id. [94 U. S.] 225), that the use by the defendants, of the apparatus in question, did not constitute an infringement of the original patent. That patent has been surrendered, and the present patent issued, under which it is supposed the complainants may recover against the defendants. The contention is that the former action failed because the original patent did not claim certain parts of the invention described in the specification, which defect has been remedied by the reissue. But the opinions delivered in the former case, both at the circuit, and by the supreme court, show plainly that the plaintiffs' action was not rejected because the claims of the original patent failed to cover all of his invention. On the contrary, the description of the invention, as given in the specification of the original patent, was fully examined by the court, and the decision was based upon what was contained in the specification, without in any way limiting the scope of the language there used by the language of the claims. The character and scope of the invention described in the original patent is, therefore, to be treated by this court as having been finally settled by the decision rendered in the former case. A dismissal of this action is, consequently, inevitable, for, if the reissued patent be for the same invention described in the original patent, the former decision that the defendant does not use the plaintiffs' invention, made in a suit between the same parties, is conclusive of that question; while, on the other hand, if the reissued patent be for a different invention from that described, the patent sued on is void.

That the reissue is void I do not doubt. By the decision in the former case it was determined that the plaintiffs' invention consisted of a dam, inclosure, or breakwater, suspended, in the manner described, from a float. The language of the supreme court is: "The patentee * * * intends to be understood that such a suspension of the dam, in the manner and by the means shown, is a necessary element of the claim." And because the defendant did not use a suspended dam, he was held not to infringe. In the reissue, however, this essential element of the invention will be found to have been omitted. The reissue describes a portable and adjustable dam, constructed in telescopic sections, but it is not a suspended dam. Such a dam plainly differs from a suspended dam, and so the supreme court decided when it held that the defendants' dam did not infringe, because it was not a suspended dam. The dam described in the reissue being, then, different in an essential feature from the dam described in the original patent, the first claim of the reissue, being for the dam, is void. The same is true of all the other claims for combinations, in which one of the elements is a dam, such as is described in the reissue.

This conclusion disposes of all the claims of the reissue, except the sixth and eleventh. The two last-mentioned claims are similar in character. The sixth claim is for a combination, the elements of which are a floating deck supported above the water, and a submerged drill-frame arranged directly under said deck or under an opening through it, substantially as described. The eleventh claim is for a combination consisting of three elements: (1) A floating deck or flooring, supported above the water; (2) a drill-frame arranged in the lower portion of the stream to guide the drills in proximity to the rock to be drilled; and (3) a drill-frame placed above the said lower drill-frame, all being arranged in the same vertical plane, substantially as described.

In regard to any right of action against the defendant, based upon these two claims, it is not clear that this court can with propriety express its opinion, inasmuch as the language of the supreme court in the former case, when considering the manner in which the defendants operate their drills, is broad enough to cover the combinations described in the sixth and eleventh claims of the reissue, although such combinations were not made the subject of any claim in the original patent. But, if there be here any question open to be decided by this court, no different results can be reached. The description given in the specification of the original patent shows drills operated in combination with a floating deck, and not otherwise. The defendant uses a single drill-frame having two guides, but constituting a single drill-frame, which drill-frame is not connected with or operated with reference to any floating deck. It cannot, therefore, be held that the defendant uses either of the combinations which form the subject of the sixth and eleventh claims. Furthermore, not only did the original patent omit to claim the combinations which form the subject of the sixth and eleventh claims of the reissue, but the language of the specification of the original patent will be searched in vain for language capable of suggesting the idea that the patentee intended to claim, or supposed that he was the first inventor of, the combinations that form the subject of the sixth and eleventh claims of the reissue. The specification of the original speaks of drills and of a floating deck, and

of drills operated beneath a floating deck, but it is nowhere suggested that the use of drills in a drill-frame beneath and in connection with a floating deck, in the manner described, was a new invention of the patentee, nor could it be gathered, from anything in the original patent contained, that the patentee considered such a construction to be his own invention, or even contemplated the use of 'he drills set in drill-frames, as described. in combination with a floating deck, to accomplish any new or useful result. Such being the case, I know of no authority which will sustain a reissued patent, wherein, for the first time, such combinations appear as distinct inventions, adapted to produce a new and useful result not alluded to in the original patent.

These conclusions lead to a dismissal of the bill, and it is dismissed, with costs to be taxed.

[NOTE. For another case involving patent (No. 80,492), see note to Cammeyer v. Newton, Case No. 2,345.